# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON WILLIAMS, | 1:12-cv-01356-LJO-BAM (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PAUL COPENHAVER, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on August 15, 2012. On April 28, 2011, in the United States District Court, District of Nebraska, Petitioner was convicted of conspiracy to distribute marijuana and conspiracy to launder money. See United States v. Shannon E. Williams, 8:09-cr-00457-LES-1.) On November 4, 2011, Petitioner was sentenced to 480 months in federal prison. The government also sought and obtained the forfeiture of certain property. Petitioner is currently serving his sentence at the United States Penitentiary in Atwater, California.

///
///
///
///

Petitioner has filed several notice of appeals in the United States Court of Appeals for the Eighth Circuit. The United States Court of Appeals for the Eighth Circuit affirmed the judgment in his criminal appeal on November 30, 2011, in case number 11-3420.[1]

Petitioner currently has three other appeals pending in the United States Court of Appeal for the Eighth Circuit in case numbers 11-3437, 12-1941, and 12-1949, all dealing with a motion for a accurate copy of the transcript of the trial proceedings.

Petitioner raises the following claims in the instant petition: 1) he is being denied the right to a meaningful appeal by the deliberate changes to his trial transcripts from what actually occurred in the course of his jury trial; 2) the court reporter deliberately changed the transcript in order to hide government and judicial misconduct; 3) the court reporter and United States Marshals Service are denying the existence of audio files of Petitioner's jury trial that are in their possession; 4) the Assistant United States Attorney committed egregious misconduct during his criminal trial; 5) the appellate court erred in failing to dismiss his indictment and discipline the trial court for maintaining accurate trial transcripts; 6) the court reporter imposed ellipsis and double dashes throughout the trial transcripts to disguise what really took place; 7) the trial court unlawfully denied Petitioner's motion for accurate transcripts as frivolous; and 8) the transcripts were deliberately changed to suppress the government's failure of proof to substantiate his conviction. (Petition at 2-6.)

DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the electronic records and dockets available through the PACER system.

2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

3

petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (failure to request the requisite authorization to file a second or successive § 2255 motion deprives the district court of jurisdiction).

Petitioner's claims are not properly raised by way of § 2241. Petitioner's challenges deal with the validity of his underlying conviction as reflected in the trial transcripts and not the manner, location, or the conditions of the execution of his sentence. Moreover, Petitioner filed a motion for a correct copy of the trial transcript in the sentencing court which was denied,[2] and

---

[2] The United States District Court for the District of Nebraska held, in pertinent part:

> The Court has reviewed the entire transcript of defendant's April 2011 criminal trial and specifically the portions of the transcript defendant alleges have been deliberately modified to his detriment. The Court finds defendant's allegations are completely frivolous. The transcript is an accurate record of defendant's April 2011 criminal trial. Defendant has failed to put any evidence before this Court that Ms. DeVetter [the court reporter] deliberately modified the transcript of his April 2011 trial. Thus, the Court will deny all of defendant's motions related to this issue.

Petitioner currently has three appeals pending at the appellate court all dealing with the same challenges raised in the instant petition.  In an effort to demonstrate that Section 2255 is inadequate and/or ineffective, Petitioner argues that he has been denied the right to present cognizable claims on appeal in light of the inaccurate trial transcripts.  The fact that Petitioner's prior challenges to the accuracy of the trial transcripts have been unsuccessful does not demonstrate that Section 2255 is inadequate and/or ineffective.  Aronson v. May, 85 S.Ct. at 5 (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d at 953 (same); Tripati v. Henman, 843 F.2d at 1162-63 (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate).  Nor has Petitioner demonstrated that his claims qualify under the savings clause of Section 2255 because his claims are not proper claims of "actual innocence."  Petitioner makes no showing that he is factually innocent of conspiracy to distribute marijuana and conspiracy to launder money.  Therefore, Petitioner's claims are properly being pursued by way of an appeal from his criminal conviction or, in the alternative, by way of a Section 2255 motion.  Accordingly, Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The petition for writ of habeas corpus be DISMISSED; and

2.      The Clerk of Court be directed to enter judgment, terminating this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

---

(Order filed 10/24/11, Doc. 1124, 8:09-cr-00457 LES.)

and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

**Dated:   September 4, 2012**                          /s/ **Barbara A. McAuliffe**
                                                                        UNITED STATES MAGISTRATE JUDGE